793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE V. LOCKWOOD, Plaintiff-Appellant,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 85-5223
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 VACATED AND REMANDED
 M.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 Before: CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, J.
 
 
 1
 Plaintiff George Lockwood appeals from the district court's grant of summary judgment in favor of the Secretary, upholding the denial of his application for Social Security disability benefits.
 
 I.
 
 2
 Lockwood was thirty-seven years of age at the time of the hearing. He is a high school graduate who has had an additional two years of college level education. Lockwood was on active duty in the United States Army from March, 1963 to April, 1981 as a soldier, recruiter, food service supervisor, and career counselor. After being separated from the Army, he was the owner and operator of a small bakery from April, 1981 to April, 1982.
 
 
 3
 In 1976, Lockwood was involved in an automobile accident in which he suffered fractured vertabrae, and torn muscles and ligaments in his back. As a result of these injuries, he was restricted in running, bending, marching, stooping, jumping, overhead lifting, and lifting objects over fifteen pounds. He suffered a heart attack in April, 1982, and thereafter had coronary artery bypass surgery. When he engages in physical activity or becomes stressed, he has chest pain, dizziness, and weakness. He takes nitroglycerin to alleviate the pain.
 
 
 4
 Lockwood is legally blind in one eye as a result of a hemorrhage due to high blood pressure. He has an ulcer condition, and some hearing loss. He testified about problems with his nerves, and stated that Veteran Administration doctors had diagnosed him as having delayed stress syndrome, and gave him medication to sleep at night and to remain calm during the day.
 
 
 5
 Lockwood testified that, due to his heart attack, he was unable to run his bakery business, and was forced to file for bankruptcy. He applied for other jobs, but was turned down. He is rated one hundred percent disabled by the V.A., and receives approximately $1400 per month in benefits.
 
 
 6
 The medical evidence shows that while Lockwood was traveling from Columbia, Tennessee to Clarlisville, Tennessee on April 6, 1982, he experienced a severe episode of crushing anterior substernal chest pain, and was brought by ambulance to Southern Hills Hospital in Nashville, Tennessee. He was hospitalized from April 6 through May 3, 1982, and was diagnosed as having had an acute anterior myocardial infarction and occlusive coronary artery disease. He underwent a cardiac catheterization and coronary artery bypass surgery and his post-operative course was unremarkable and without complications, according to Dr. Robert First, the treating physician.
 
 
 7
 Dr. Frank Perry, Jr., an internist, examined the plaintiff for the Secretary on March 2, 1983 and determined that the plaintiff showed no disorientation at the examination, but had positive indications for headaches and vertigo. Dr. Perry found that Lockwood had a history of ulcers and arthritis. His diagnostic impressions were 'Status post anterior myocardial infarction. Status post coronary bypass surgery. Persistent chest pain of cardiac origin.'
 
 
 8
 Dr. John Glover, an orthopedic surgeon, made a residual functional capacity assessment of the plaintiff on March 30, 1983, and he concluded that plaintiff was able to perform medium work activity.
 
 
 9
 The remaining medical evidence in the record consists of outpatient notes from the V.A. hospital records from November 1, 1982 until April 28, 1983. They indicate continued episodes of chest pain requiring nitroglycerin for relief, raised blood pressure, and decreased vision in one eye. Dr. Bruce Jones examined plaintiff on August 9, 1982, and found that his vision was 20/20 in the right eye and 20/400 in the left eye. Dr. Jones stated that there was no treatment for Lockwood's eye condition, and that glasses would not improve his vision.
 
 
 10
 In its rating decision, the V.A. concluded that Lockwood was one hundred percent disabled due to his coronary bypass surgery and hypertension. Also diagnosed were:
 
 Left retinal hemorrhage, 30% disability
 
 11
 Levoscoliosis of the thoracic spine, 10%
 
 
 12
 Peptic ulcer disease, 10%
 
 
 13
 Right eye scar, 0%
 
 
 14
 High frequency hearing loss, 0%
 
 
 15
 Scar of the left index finger, 0%
 
 
 16
 Scar of the left great toe, 0%
 
 
 17
 Adjustment reaction of adult life with passive aggressive personality
 
 
 18
 Delayed stress reaction.
 
 
 19
 Lockwood filed his application for disability benefits on January 6, 1983. The appliction was disapproved, and Lockwood requested a hearing before an administrative law judge (ALJ). In a decision dated October 25, 1983, the ALJ denied Lockwood's claim, finding that his chest pain was not totally disabling, and that he has the residual functional capacity to perform the full range of sedentary work. Lockwood then filed suit in the United States District Court for the Middle District of Tennessee. After competing motions for summary judgment were filed, the magistrate issued a proposed memorandum decision on November 28, 1984, concluding that the ALJ's decision rejecting the plaintiff's claim was supported by the record. Plaintiff filed objections on December 10, 1984, and the order of the court was filed on December 13, 1984, adopting the magistrate's report without revision.
 
 II.
 
 20
 Under 42 U.S.C. Sec. 405(g), the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. Substantial evidence means such evidence as a reasonable mind would accept as adequate to support a conclusion. Lashley v. Secretary of Health & Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Lockwood claims that there is no substantial evidence to support the finding that his chest pain is not disabling. We find there is sufficient evidence to support the Secretary's finding.
 
 
 21
 The ALJ found that although Lockwood suffered from periodic chest pain, the pain was not totally disabling. The plaintiff argues that the ALJ did not properly evaluate his complaints about pain. Pain alone may establish a disability for the purposes of the Social Security Act. Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 538 (6th Cir. 1981), cert. denied 461 U.S. 957 (1983). Lay testimony, combined with medical evidence, may establish disabling pain. Hurst v. Secretary of Health & Human Services, 753 F.2d 517, 519 (6th Cir. 1985).
 
 
 22
 It is clear that the ALJ did not ignore claimant's allegations of pain. His report stated:
 
 
 23
 In reaching this conclusion, the administrative law judge has specifically considered the claimant's testimony at the hearing concerning the pain and other symptoms of discomfort he is experiencing. The administrative law judge concludes that the evidence in the record does not support the severity of the claimant's subjective testimony and finds that the claimant has exaggerated the amount of pain and discomfort he has been experiencing. The administrative law judge finds of pain and discomfort being experienced by the claimant is not, in and of itself, under proper medication, of sufficient severity to prevent him from working if he chooses to do so.
 
 
 24
 There is substantial evidence to support the ALJ's conclusion that the claimant's pain is not disabling. Dr. Glover assessed plaintiff's residual functional capacity, and, considering plaintiff's pain and discomfort, concluded that he was, nevertheless, able to perform medium work activity. Plaintiff testified that his pain was relieved by nitroglycerine. Although the medical evidence makes note of plaintiff's chest pain, none of its states that the pain is disabling. Given these facts, the Secretary's decision as to plaintiff's disability from his chest pain is supported by substantial evidence.
 
 III.
 
 25
 Lockwood maintains that his blindness in one eye is a significant nonexertional impairment which precludes the Secretary from relying on the grid, 20 C.F.R. 404, Subpart P, App. 2, in assessing his capacity for employment. Because the ALJ failed to consider the impact of Lockwood's nonexertional impairment, but made a rigid application of the grid without hearing vocational evidence, we must remand this case for further consideration.
 
 
 26
 While the medical evidence indicates that blindness in one eye does not constitute a severe medical impairment when the claimant has normal vision in the other eye, 20 C.F.R. Sec. 404. 1581, Goodermote v. Secretary of Health & Human Services, 690 F.2d 5 (1st Cir. 1982), that is not the question presented here. Lockwood has already established a severe impairment which restricts his employment to sedentary work. The issue is whether Lockwood has the residual functional capacity to perform the full range of sedentary work, so that the Secretary could rely on the grid to determine his vocational standing in the economy.
 
 
 27
 The ALJ heard no evidence concerning the effect of claimant's blindness in one eye upon his ability to perform the full range of sedentary work, but relied solely on the grid. The application of the grid is restricted when nonexertional sensory impairments, such as blindness, are involved. 20 C.F.R. Sec. 404, Subpart P, App. 2, Sec. 200.00(e). Where the ALJ reaches this step in the disability inquiry and nonexertional limitations are present, he must look to evidence outside Appendix 2 to determine whether the claimant is capable of performing work available in the national economy. Damron v. Secretary of Health & Human Services, 778 F.2d 279, 283 (6th Cir. 1985). However, before reaching the conclusion that the grid will not be applied because the claimant alleges nonexertional limitations, those limitations must be severe enough to restrict a full range of gainful employment at the designated level. Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 537 (6th Cir. 1981). The ALJ received no evidence from which to assess the vocational impact of claimant's blindness in one eye, and did not weigh the impact of that blindness on the application of the grid to this case.
 
 
 28
 We therefore vacate the judgment of the district court and remand with directions to remand to the Secretary for further proceedings.